DELAWARE MOTOR SALES COMPANY *v.* DELAWARE S. WRIGHT.

(*December* 31, 1930.)

RODNEY, J., sitting.

*John J. Morris, Jr.*, for plaintiff.

*William Prickett* for defendant.

Superior Court for New Castle County, ▮▮▮▮ No. 193, November Term, 1928.

RODNEY, J., delivering the opinion of the court:

The case has presented many interesting questions relative to the rights of the parties under the Conditional Sales Act (30 *Del. Laws, c.* 192, *as amended*) and especially the very interesting one as to whether a conditional vendee has a leviable interest in goods sold under conditional sales contract reserving title in the seller until fully paid for when such levy is made before any resumption of ownership by the seller. Certainly the greater weight of the authorities denies that such leviable interest exists. The authorities are largely collected in a comprehensive annotation appended to *Nevada Motor Co. v. Bream,* 61 *A. L. R.* 781. Opposed to the gen-

eral rule are certain statements by *Williston* in his admirable work on *Sales,* the cited case of *Nevada Motor Co. v. Bream,* the *Commentaries of Professor Bogert on Conditional Sales, page* 35, and early cases in Illinois and Pennsylvania. These latter decisions have largely been changed by the adoption of the Uniform Sales and Uniform Conditional Sales Act.

Counsel for the defendant in the present case contends it is not necessary to consider the leviable character of the vendee's interest. It is difficult to see how a binding effect could be given to the tender without passing on the legality of the levy. A stranger could have no right to make a tender and the right of Hare & Chase to make a legal and binding tender must grow out of his interest and relationship as execution creditor and thus involve the validity of the levy.

However, assuming that the conditional vendee had a leviable interest (expressly reserving and not deciding such question) can a sheriff defend a replevin action by such plea of tender? The answer to such question is readily ascertained by a consideration of the status of the conditional vendor if the demurrer to such plea should be overruled and the plea sustained. In such case the right of the plaintiff to the possession of the replevined car would be frustrated by a plea of a sheriff alleging that a third party had made a tender where no money had been paid in court pursuant to the tender and the plaintiff would in effect be remediless. To support a plea of tender the money must be paid into court. *Cullen v. Green,* 5 *Harr.* 17.

The demurrer to the seventh plea is sustained.